IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANDRE J. ROYAL,

  Plaintiff,

v.                   Civil Case No. 3:12-cv-00714

R&L CARRIERS SHARED SERVICES, L.L.C.,

  Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion to dismiss the plaintiff's employment discrimination action.[1] The plaintiff filed for bankruptcy several years ago, and those proceedings remain pending. Until recently, however, the plaintiff did not disclose to the bankruptcy court that he had filed a discrimination charge with the Equal Employment Opportunity Commission or that he had filed the instant lawsuit in court. As a result, the defendant argues that the bankruptcy trustee—not the plaintiff—has exclusive standing to sue on the plaintiff's claims. The defendant furthermore contends that the Court should apply the doctrine of judicial estoppel to bar the plaintiff's suit because of his earlier nondisclosures.

The Court denies the motion to dismiss because the plaintiff, as a debtor in possession pursuant to Chapter 13 of the U.S. Bankruptcy Code, maintains standing to bring civil actions in court. Additionally, the Court finds that the bankruptcy court did not "accept" the plaintiff's position that he had no legal claims against the defendant, for the bankruptcy court has yet to grant the plaintiff relief or close his bankruptcy action. Thus, the defendant fails to establish one

---

[1] The defendant has in fact filed two identical motions to dismiss, which the Court treats as one.

of the factors critical to a judicial estoppel determination, namely, that a court must accept the plaintiff's prior inconsistent position. For these reasons, the Court denies the motion and allows the action to proceed.

## I. BACKGROUND

The defendant, R&L Carriers Shared Services, L.L.C. ("R&L"), terminated the plaintiff's employment on April 15, 2008. By January of 2009, the plaintiff, Andre J. Royal, filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), claiming that R&L fired him due to his race and in retaliation for his opposition to R&L's unfavorable treatment of its African-American employees.

Royal received a right to sue letter from the EEOC on August 8, 2012—more than three years after filing his charge of discrimination—and filed the instant suit on September 18, 2012. Royal brings claims against R&L for hostile work environment, wrongful discharge, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*, and 42 U.S.C. § 1981. Beyond complaints about his termination, Royal contends that R&L continues to retaliate against him by providing inaccurate and harmful information about him to potential employers. In October of 2012, R&L removed the action from state to federal court.

Back in late 2009, however, Royal filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Virginia. The bankruptcy court soon confirmed Royal's plan, and it again confirmed his plan in early 2011 when Royal sought amendment. At no point during these proceedings did Royal notify the bankruptcy court that he had filed a charge of discrimination with the EEOC, even though applicable law required him to list any contingent and unliquidated claims on his personal property schedule.

On January 22, 2013, in response to R&L's production requests, Royal informed his attorney in the instant suit of the ongoing proceedings before the bankruptcy court, and his counsel in turn relayed this information to the defendant. On January 31, 2013, Royal filed an amended personal property schedule with the bankruptcy court, listing his lawsuit against R&L as a contingent unliquidated claim of unknown value. Since that time, the bankruptcy trustee has not expressed any objection to the amended schedule; at the same time, the bankruptcy court has yet to confirm it. At present, Royal's Chapter 13 plan has an intended duration of 58 months and will terminate in July of 2014.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's jurisdiction over the subject matter of a case. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion attacks subject matter jurisdiction by asserting that, as a factual matter, the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In order to determine whether jurisdiction exists, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)).

Because it determines "the court's very power to hear the case," a court should address doubts concerning its subject matter jurisdiction before ruling on any other aspect of the case. *Owens—Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999). When a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can rest, a court presumes the truth of all facts in the complaint. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Regardless of any deference owed to the pleadings, the plaintiff bears the

burden of ultimately proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering such a motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief; in other words, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). Although the Court must accept as true all well-pleaded factual allegations, the same does not hold true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

The Court may consider the facts alleged on the face of the complaint, as well as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (1990)). Reliance

4

on such documents does not convert a motion to dismiss into a motion for summary judgment. *See Pueschel v. United States*, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted); *Richmond, Fredericksburg & Potomac R .R. Co.*, 945 F.2d at 768.

### III. DISCUSSION

*A. Royal Has Standing To Sue As A Chapter 13 Debtor In Possession*

R&L seeks dismissal, first of all, on the grounds that Royal lacks standing to bring a lawsuit on his own. In the defendant's view, because the basis of Royal's claims arose prior to his filing a bankruptcy petition, and because Royal did not, until recently, disclose these claims to the bankruptcy court, they remain the property of the bankruptcy estate, on whose behalf only the bankruptcy *trustee* has the right to sue.[2] The great weight of authority, however, expressly rejects the defendant's position. Although the U.S. Court of Appeals for the Fourth Circuit has not taken a position on the issue, every federal appeals court to rule on it—not to mention a large number of bankruptcy courts—has held that Chapter 13 debtors have standing to sue on their own, even though their pre-petition causes of action belong to the bankruptcy estate.[3] *See Smith*

---

[2] A plaintiff must generally satisfy a three-part test in order to establish standing: "(1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *accord Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 231 (4th Cir. 2008))). In this case, however, the plaintiff's purported lack of standing does not stem from an absence of actual, individualized injury—the most common type of standing defect. Instead, R&L argues that Royal lacks standing because the claims effectively do not belong to Royal while he remains in bankruptcy. *See, e.g., In re Family Dollar FLSA Litigation*, 2009 WL 1750908, at *5 (W.D.N.C. June 19, 2009). As explained above, the Court disagrees with this logic because it ignores basic differences between Chapter 7 and Chapter 13 bankruptcy proceedings.

[3] "[P]roperty of the estate under [11 U.S.C.] § 541(a) has uniformly been interpreted to include causes of action. Such causes of action are not limited to active lawsuits; they include EEOC charges and even the underlying facts that might support a[n employment] discrimination claim." *Vanderheyden v. Peninsula Airport Comm.*, 2013 WL 30065, at *8 (E.D. Va. Jan. 2, 2013)

*v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008) (citing *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–74 (7th Cir. 1999); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515–16 (2d Cir. 1998); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992)).

In this case, the relevant analysis begins with the difference between Chapter 7 and Chapter 13 bankruptcy proceedings. "In a Chapter 13 case, unlike a Chapter 7 case, the debtor remains in possession of the property of the estate." *Id.* at 1081 (citing 11 U.S.C. § 1306(b)).[4] In Chapter 7 cases, the trustee holds the assets, and the debtor no longer controls them. Thus, under Chapter 7, the trustee alone can bring suit on behalf of the bankruptcy estate. In contrast, "a Chapter 13 debtor has many of the same rights and powers as a Chapter 7 trustee." *Id.* (citing 11 U.S.C. § 1303).

> As the U.S. Bankruptcy Court for the Eastern District of Virginia has explained . . .
>
> [i]n a chapter 13 case, [ ] the debtor has, "*exclusive of the trustee*, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l)." § 1303, Bankruptcy Code (emphasis added). These include the power in § 363(b) to "use, sell, or lease" property of the estate. The only way to "use" a cause of action is to bring suit upon it or settle it. It therefore follows that a chapter 13 debtor has standing to bring suit on his or her own causes of action.

*In re Henneghan*, 2005 WL 2267185, at *6 (Bankr. E.D. Va. June 22, 2005) (emphasis in original). The bankruptcy court then characterized the notion that Chapter 13 debtors lack standing to bring suit individually as "distinctly a minority view." *Id.* (citing several circuit

---

(internal citations omitted). Accordingly, Royal most certainly had to disclose his EEOC charge on his personal property schedule in bankruptcy court long before this action commenced in court. He does not argue otherwise.

[4] Hence the inapplicability of this Court's recent analysis in *Vanderheyden*, 2013 WL 30065, at *8–10 (holding that the plaintiff lacked standing to pursue her Title VII claims because the Chapter 7 bankruptcy trustee had not abandoned the claims pursuant to 11 U.S.C. § 554(a) and because the bankruptcy court had not specifically exempted the claims from the estate's property).

courts of appeals and "dozens of district and bankruptcy courts in holding that Chapter 13 debtors have standing to litigate claims belonging to the bankruptcy estate"). More than one lower court within the Fourth Circuit has reaffirmed this outcome in the past few years. *See Brooks v. Prestige Fin. Servs.*, 2011 WL 4914648, at *3 (D. Md. Oct. 14, 2011) (citing *In re Lee*, 432 B.R. 212, 213 (D.S.C. 2010) (describing the holding as "not particularly controversial")).

Beyond that, "Rule 6009 of the Federal Rules of Bankruptcy Procedure also supports the conclusion that the Chapter 13 debtor has standing to bring a civil complaint." *Smith*, 522 F.3d at 1082. This rule states, "With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009. Technically speaking, "debtor in possession" appears only in Chapter 11 of the Bankruptcy Code, not Chapter 13. *Smith*, 522 F.3d at 1082, n.2. At the same time, both courts and legislative history support the notion that Chapter 13, like Chapter 11, allows debtors to remain in possession of assets. *Cable*, 200 F.3d 472 ("[T]he Chapter 13 debtor has been considered analogous to Chapter 11, which grants the debtor full authority as representative of the estate typical of a trustee."); *In re Henneghan*, 2005 WL 2267185, at *6, n.6 (citing H.R. Rep. No. 95-595, at 326 (1977); S. Rep. No. 95-989, at 37 (1978) ("If the debtor remains in possession in a chapter 11 case, section 1107 gives the debtor in possession these rights of the trustee. . . . The same applies in a chapter 13 case.")); *In re Jackson*, 317 B.R. 573, 577 n.4, 579 (Bankr. D. Mass 2004) (concluding that the debtor retains authority to pursue causes of action belonging to the Chapter 13 bankruptcy estate); *but see Smith v. Rockett*, 522 F.3d 1080, 1083–1086 (10th Cir. 2008) (O'Brien, J.) (dissenting). In short,

7

as a Chapter 13 debtor, Royal maintains standing to sue R&L for employment discrimination, even without the bankruptcy trustee's direct involvement in the civil suit.

Still, R&L argues that even if Royal could theoretically obtain standing as a debtor in possession, he lacked standing at the outset of this action because he had yet to disclose the claims on his personal property schedule. *See Smith*, 522 F.3d at 1081 ("Standing is assessed as of the time the action was commenced.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992)). But Royal's status as a debtor in possession does not hinge on the accuracy of his prior disclosures on his personal property schedule.

In *Smith*, for instance, the bankruptcy court dismissed the plaintiff's Chapter 13 proceedings with prejudice before the plaintiff even attempted to add her recently filed civil claims to her personal property schedule. *See id.* at 1082. The window of opportunity for amendment had therefore closed, and yet the plaintiff's nondisclosure in her bankruptcy petition did not affect the Tenth Circuit's conclusion that she maintained standing as a debtor in possession. To the extent that the bankruptcy court took issue with the plaintiff's nondisclosure, the Tenth Circuit suggested that it consider issuing sanctions against the plaintiff. *Id.* But in no way did the plaintiff's initial nondisclosure, by itself, mean that the district court had to dismiss her civil claims for lack of standing.[5] Moreover, in light of Bankruptcy Rule 6009's language that a debtor in possession may appear "before any tribunal" "with or without court approval," Royal's lack of disclosure on his bankruptcy schedule does not appear to undermine his standing in the instant suit. In sum, Royal has standing to pursue this action.

---

[5] The Tenth Circuit entertained the separate possibility that the bankruptcy court's closure of proceedings—regardless of the propriety of the plaintiff's disclosures—might preclude the plaintiff from pursuing her claims as a debtor in possession. *See id.* at 1082. Because Royal's bankruptcy action remains open, this Court has no reason to consider his debtor-in-possession status in jeopardy, unlike the plaintiff in *Smith*.

*B. The Court Declines to Invoke Judicial Estoppel Because The Bankruptcy Court Has Not Accepted Royal's Prior Inconsistent Position*

R&L also argues that the Court should apply the doctrine of judicial estoppel and dismiss the action because of Royal's nondisclosure of the instant suit on his personal property schedule in bankruptcy. The present case, however, does not call for the doctrine's use. Judicial estoppel represents "an equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts [—] to deter improper manipulation of the judiciary," *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998), and "to protect the integrity of the judicial system." *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998). "As an equitable doctrine, judicial estoppel is invoked in the discretion of the district court and with the recognition that each application must be decided upon its own specific facts and circumstances." *King*, 159 F.3d at 196.

"'The circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle,'" *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982)). Nonetheless, the Fourth Circuit has permitted district courts to apply judicial estoppel when:

> (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

*King*, 159 F.3d at 196 (citing *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)). Here, the Court considers the first two factors of the test easily satisfied. In the instant matter, Royal purports to have a claim against R&L, but he took a different position in his bankruptcy case by not listing his EEOC charge or the facts underlying that charge in his personal property schedule. This constitutes a position of fact, not law. *Vanderheyden*, 2013 WL 30065, at *11 (citing *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, 2012 WL 830097, at *6 (W.D. Va. Mar. 6,

9

2012)). But Royal does not meet the third prong—acceptance by the bankruptcy court—because those proceedings remain open. For this reason, the Court finds judicial estoppel inappropriate.

Courts have repeatedly emphasized that "acceptance" in this context means that the bankruptcy court has not merely confirmed the debtor's bankruptcy plan but has also taken the ultimate step of granting the debtor relief (*i.e.*, discharge or repayment). One bankruptcy court offered the following explanation, which applies with equal force to the present dispute between Royal and R&L:

> Although the Defendant and Debtor argued at length regarding the Debtor's knowledge of his non-disclosure, I find that the Defendant has otherwise failed to satisfy one of the mandatory conditions identified by the First Circuit for application of judicial estoppel. *Contrary to the Defendant's assertion, I never "accepted" a position advanced by the Debtor as to the existence or non-existence of any claim* under the [Massachusetts Consumer Credit Cost Disclosure Act]. Without question, no such claim appeared on the Debtor's schedules, but *unlike the cases which have applied the doctrine, I have not granted the Debtor any relief, such as a discharge, based upon representations made in them*. Indeed, the Debtor could still amend his schedules and Chapter 13 plan to reflect an omitted asset if necessary. For that reason, confirmation of the Debtor's plan would not amount to "acceptance of a position" in the same manner.

*In re DiVittorio*, 430 B.R. 26, 48 (Bankr. D. Mass. 2010) (emphasis added), *aff'd*, 670 F.3d 273 (1st Cir. 2012). As in *DiVittorio*, Royal and R&L have focused largely on whether Royal acted intentionally or inadvertently, but the lack of prior acceptance actually proves dispositive.

All of the leading cases—both within this circuit and otherwise—in which courts have invoked judicial estoppel involved debtors who had already completed bankruptcy and, typically, gotten relief as well. *See Guay v. Burack*, 677 F.3d 10, 17–18 (1st Cir. 2012) ("[T]he district court emphasized the Guays' failure to disclose their claims in the bankruptcy proceeding and *the discharge obtained in that proceeding*. . . . A bankruptcy court 'accepts' a position taken in the form of omissions from bankruptcy schedules *when it grants the debtor relief*, such as discharge, on the basis of those filings.") (emphasis added); *Moses v. Howard Univ. Hosp.*, 606

F.3d 789, 799 (D.C. Cir. 2010) ("[T]he bankruptcy court's decision to initially discharge Moses from Chapter 7 . . . leaves little doubt that Moses succeeded in hiding the inconsistency from the courts and 'creat[ing] the perception that either the first or the second court was misled.'") (quoting *Maine*, 532 U.S. at 750); *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1272 (11th Cir. 2010) (discussing the plaintiff's completion of her bankruptcy plan, repayment of debts, and discharge from bankruptcy, prior to the deposition in which the concealment of her suit came to light); *Vanderheyden*, 2013 WL 30065, at *11 ("The bankruptcy court accepted this representation when it discharged Vanderheyden's debts, dismissed the bankruptcy trustee, and closed Vanderheyden's bankruptcy case."); *Robertson*, 2012 WL 830097, at *6 ("Plaintiff's position that he had no contingent or unliquidated claims was accepted by the bankruptcy court when it issued an order discharging Plaintiff's debts, discharging the trustee, and closing the case."); *In re Family Dollar FLSA Litigation*, 2011 WL 4899972, at *1 (W.D.N.C. Oct. 14, 2011) (discussing discharge of plaintiffs' debts in 2006 and 2009, respectively—long before the defendant moved for judicial estoppel in 2011).[6]

This consensus appears fitting when one acknowledges the "windfall for an undeserving defendant" that judicial estoppel can create. *Guay*, 677 F.3d at 19 & n.5. As long as the bankruptcy proceedings continue, rather than granting judgment to a defendant on the basis of a

---

[6] In the Fifth Circuit, by contrast, courts have found acceptance and thus applied judicial estoppel based only on a bankruptcy court's confirmation of a debtor's repayment plan. *See Love v. Tyson Foods, Inc.*, 677 F.3d 258 (5th Cir. 2012) (affirming district court's application of judicial estoppel based on the confirmation of the plaintiff's bankruptcy plan, even though bankruptcy proceedings remained open); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (finding acceptance based on the confirmation of the plaintiff's bankruptcy plan). But this position has not won universal acceptance even among the lower courts within that circuit. *See Ratliff v. Bay Inc. of Texas*, 2007 WL 1455969, at *2 (W.D. La. 2007) ("[T]he Court finds *Jethroe* and the other published Fifth Circuit cases cited by defendant to be distinguishable because, in those cases, the bankruptcy had been terminated at the time the defense of judicial estoppel was raised. Here the bankruptcy is ongoing, and thus, opportunity for action on behalf of the Trustee is available.").

plaintiff's inconsistency, a court acts in the greater interest of equity by allowing a plaintiff an opportunity to amend his or her bankruptcy petition and thereby allowing for additional recovery by the plaintiff's deserving creditors. One might object that permitting amendment rewards plaintiffs who have attempted to conceal their bankruptcy status in civil suits. But even more importantly, it protects the parties whose interests truly hang in the balance when a bankruptcy debtor pursues litigation, even if that debtor might have acted unjustly in some sense. In addition, a practical advantage exists when the bankruptcy proceedings have yet to terminate. The debtor does not have to "back-up [and] re-open the bankruptcy case [in order to] amend his bankruptcy filings." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). The bankruptcy court and trustee can thus take any suitable measures without much inconvenience.

Because the Court concludes that no other court accepted Royal's prior inconsistent position, it need not reach the fourth prong of the test: whether Royal acted intentionally or inadvertently. Based on the particular circumstances of this matter, the Court, in the exercise of its discretion, declines to invoke judicial estoppel. It therefore denies the defendant's motion to dismiss.

## IV. CONCLUSION

The Court denies the motion to dismiss because the plaintiff has standing to sue and also because the defendant has not established the appropriateness of judicial estoppel in this case.

The Court shall enter an appropriate order.

The Court directs the Clerk to send a copy of this Memorandum Opinion to all counsel of record.

Date: April 22, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge